UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD TAHSEEN AFZAL, | No. 2:20-cv-1614 AC P |
| Petitioner, | |
| v. | ORDER |
| WENDY KAY, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis.

I.     Application to Proceed In Forma Pauperis

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

II.     Petition

The petition appears to challenge a 2013 conviction for criminal threat, assault with force likely to produce great bodily injury, and great bodily injury involving domestic violence on four grounds. ECF No. 1 at 1, 5-10. However, the handwriting throughout the petition is extremely difficult to read and is illegible in many places, particularly the supporting fact sections. Id. at 5-10. In places where the petition is legible, the substantive arguments are difficult to understand.

Id. As best as the court can make out, Ground One is identified as a civil rights violation based on a misunderstanding of culture; Ground Two asserts a violation of petitioner's free speech and religion, that his public defender was prejudiced against him because of his religion, and possibly that petitioner was not allowed to act as a witness or counsel did not call any witnesses on his behalf; Ground Three states that the police did not follow evidentiary rules related to recording and investigating the charges; and Ground Four seems to allege a violation of the right to confront witnesses, but the specifics of the claim are unclear.  Id.  Given this limited understanding of the petition, the court is unable to determine whether petitioner has stated any cognizable grounds for relief.  Because it is unclear whether petitioner has stated any cognizable claims, the petition will not be served, and petitioner will be required to file an amended petition.  Failure to do so will result in a recommendation that the petition be dismissed.

The court further notes that, based on petitioner's responses to questions related to whether his claims have been raised in state court, it appears that the petition is at least partially, if not entirely, unexhausted.  Id. at 6-12.  The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus unless "there is an absence of available State corrective process" or circumstances make the process ineffective to protect a petitioner's rights.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  Therefore, if petitioner chooses to amend the petition, he must also clearly identify which claims, if any, have been exhausted by presenting them to the California Supreme Court.  Petitioner is advised that if he does have any unexhausted claims he does not require and should not wait for an order from this court to exhaust his claims in state court and he should pursue them in state court without delay.

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

III. <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

Your petition needs to be amended because the court is unable to read most of what you have written. Also, in places where the court is able to read what you have written, it is unable to understand the thoughts that you are trying to express. If you decide to amend your petition, these basic problems must be fixed. Additionally, you will need to clearly state which, if any, of your claims have been raised in the California Supreme Court.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis, ECF No. 7, is GRANTED.

2. For the reasons set forth above, the application for writ of habeas corpus will not be served.

3. Within thirty days from the date of this order, petitioner may file an amended petition for writ of habeas corpus.

4. Any amended petition must bear the case number assigned to this action and the title "Amended Petition."

5. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: February 19, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE